# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN GALUSKA, | |
| Plaintiff, | NO. 3:07-CV-2044 |
| v. | (JUDGE CAPUTO) |
| COLLECTORS TRAINING INSTITUTE OF ILLINOIS, INC., | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Plaintiff John Galuska's Complaint against Defendant Collectors Training Institute of Illinois, Inc. ("CTI"). (Doc. 1.) Plaintiff has also filed an Affidavit/Declaration in Support of Request to Proceed *In Forma Pauperis*. (Doc. 6.)

Section 1915 of Title 28 of the United States Code provides a two-step process for reviewing *in forma pauperis* ("IFP") petitions. The Third Circuit Court of Appeals has made it clear that district courts should first consider a litigant's financial status and determine whether he is eligible to proceed *in forma pauperis*, before assessing the complaint under section 1915 to determine whether it is frivolous. *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

The decision whether to grant or deny IFP status rests within the sound discretion of the district courts. *United States v. Holiday*, 436 F.2d 1079, 1079-80 (3d Cir. 1971) (citing decisions from other circuits). Poverty sufficient to qualify for *in forma pauperis* status does not require penniless destitution. *Ward v. Werner*, 61 F.R.D. 639, 640 (M.D. Pa. 1974) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948)).

However, leave to proceed *in forma pauperis* is discretionary with the court, and "there exists no fixed net worth which disqualifies a party as a pauper." *Id*. (citations omitted). "Yet, the mere assertion of poverty does not serve as a substitute for indigency." *Id*.

In his IFP Affidavit, Plaintiff describes his financial situation as follows. Mr. Galuska is currently unemployed. (Doc. 2 ¶ 1.) He was last employed on December 18, 1998, at which time his salary was $12.50 per hour. (*Id.* ¶ 1(b).) He receives $10.00 per month in food stamps and receives $957.00 per month from Social Security. (*Id.* ¶ 2(e).) Plaintiff currently has saved $14.00 in cash. (*Id.* ¶ 3.) Plaintiff owns one vehicle, with a blue-book value of $16,935.00 and owes $8,405.90 thereupon. (*Id*.) Plaintiff also has a life insurance policy with a cash surrender value of $537.34. (*Id.*)

Assuming this to be a complete and accurate depiction of Plaintiff's financial situation, the Court finds that he qualifies for IFP status. According to the Court's calculation, Plaintiff has a total income of approximately $11,604.00 per year based upon the value of the food stamps and Social Security. Therefore, the Court finds that payment of the filing fee would present Plaintiff with an undue hardship or deprive him of life's necessities. *See Adkins*, 335 U.S. at 339.

However, "[u]nder 28 U.S.C. § 1915(d), a district court is authorized to dismiss as frivolous claims based on an indisputably meritless legal theory and claims whose factual contentions are clearly baseless." *Roman*, 904 F.2d at 194 (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)) (current version at 28 U.S.C. § 1915(e)). If a court is satisfied that an action *in forma pauperis* is frivolous or malicious it is authorized to dismiss the case *sua sponte*; in fact, a frivolous complaint *requires* dismissal regardless of the plaintiff's

inability to pay.  28 U.S.C. § 1915(e)(2)(B)(i) (emphasis added).  Such action is appropriate to prevent abuse of the processes of the court.  "[T]he frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When reviewing a complaint for frivolity under § 1915(e), the court is not bound, as it is on a motion to dismiss, "to accept without question the truth of the plaintiff's allegations."  *Id.* at 32.  It is important to note, however, that where a frivolous *in forma pauperis* complaint can be remedied by amendment, a district court may not dismiss the complaint as frivolous and must permit the amendment.  FED. R. CIV. P. 15; *Denton*, 504 U.S. at 34.

It is apparent to the Court that the claims contained in Plaintiff's complaint contain factual contentions that are baseless.  Specifically, the Plaintiff alleges that the Defendant sent a notice to the Plaintiff with respect to the collection of the debt.  (Comp. ¶ 8, Doc. 1.)  The notice stated that "Unless you notify this office within thirty (30) days after the receipt of this notice that you dispute the validity of the debt, or any portion thereof, this debt will be assumed to be valid."  (*Id.* ¶ 12.)  The Plaintiff alleges that the statute requires a notice containing "a statement that unless the consumer, within thrity days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector*."  (*Id.* ¶ 11.)   Plaintiff's complaint alleges that the words "by the debt collector" were not contained in the notice, and therefore the notice violates 15 U.S.C. §§ 1692e and 1692e(10) of the Fair Debt Collection Practices Act.  (*Id.* ¶ 13.)  Such an assertion is frivolous, as the statute does not specifically require

3

the exact wording of the statute to be used in a notice to a debtor.  *See generally* 15 U.S.C. § 1692g.  Rather, Section 1692g enumerates the contents to be included in a notice of debt.  In this case, the notice contained the required contents of Section 1692g.  In Exhibit A to the Plaintiff's Complaint, the Plaintiff attaches a letter from CTI, in which CTI explicitly identifies itself, stating "This letter is to advise you that C.T.I. has been retained concerning the above referenced debt." (Doc. 1 Ex. A.)  Therefore, CTI has been clearly identified as the debt collector in the notice.  Furthermore, the Plaintiff himself identifies CTI as the debt collector in his Complaint.  (Compl. ¶¶ 5, 7, Doc. 1.)  The Court finds that such an allegation is frivolous, and that this is not the type of situation in which the complaint can be remedied by an amendment thereto.

  Plaintiff's application to proceed *in forma pauperis* will be granted for the purpose of filing the current complaint only.  Because the Court is convinced that the Plaintiff's underlying complaint is frivolous pursuant to the language of 28 U.S.C. § 1915(e)(2)(B)(i), the Plaintiff's complaint will be dismissed with prejudice, and the matter will be ordered closed.

  An appropriate order will follow.

November 15, 2007               /s/ A. Richard Caputo  
Date                      A. Richard Caputo  
                       United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN GALUSKA, | |
| Plaintiff, | NO. 3:07-CV-2044 |
| v. | (JUDGE CAPUTO) |
| COLLECTORS TRAINING INSTITUTE OF ILLINOIS, INC., | |
| Defendant. | |

## ORDER

   **NOW**, this  15th  day of November, 2007, **IT IS HEREBY ORDERED** that:

(1)    Plaintiff's application to proceed in forma pauperis (Doc. 2) is **GRANTED** for the purpose of filing the underlying complaint (Doc. 1) only.

(2)    Plaintiff's underlying complaint (Doc. 1) is **DISMISSED** with prejudice.

(3)    The Clerk of the Court shall mark this matter **CLOSED**.

 

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge