IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN GALUSKA,

    Plaintiff,

        v.

COLLECTORS TRAINING INSTITUTE
OF ILLINOIS, INC.,

    Defendant.

NO. 3:07-CV-2044

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Defendant Collectors Training Institute of Illinois, Inc.'s ("CTI") motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 17.) For the reasons stated below, the Court will deny Defendant's motion to dismiss.

Because the action is brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(d), the Court has jurisdiction pursuant to 28 U.S.C. § 1331 ("federal question").

## BACKGROUND

The facts as alleged in Plaintiff's Complaint are as follows.

Plaintiff, John Galuska, resides in Duryea, Pennsylvania. (Compl. ¶ 4, Doc. 1.) Defendant, Collectors Training Institute of Illinois, Inc. (CTI), is a corporation doing business in Pennsylvania with a place of business in Chicago, Illinois. (*Id.* ¶ 5.)

On or before April 20, 2007, CTI began attempting to collect an alleged debt from the Plaintiff in connection with an account allegedly originating with Sears and assigned

an account number ending in 0156.  (*Id.* ¶ 7.)  On April 20, 2007, CTI sent Plaintiff a letter in an effort to collect a debt.  (*Id.* ¶ 8.)  Plaintiff alleges that this April 20, 2007 letter is the only written communication from Defendant to Plaintiff regarding the debt.  (*Id.* ¶ 10.)  The letter includes language that states: "Unless you notify this office within thirty (30) days after the receipt of this notice that you dispute the validity of the debt, or any portion thereof, *this debt will be assumed to be valid.*"  (*Id.* ¶ 12) (emphasis added in Complaint).  The Plaintiff alleges that this statement is false, deceptive, and misleading in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.  (*Id.* ¶¶ 13-17.)

On November 9, 2007, Plaintiff instituted this action by filing a Complaint and an application to procedure *in forma pauperis*.  (Doc. 1.)  On November 15, 2007, the Court entered an Order granting the Plaintiff *in forma pauperis* status, but *sua sponte* dismissed the action as frivolous pursuant to 28 U.S.C. § 1915(d).  (Doc. 4.)  On November 23, 2007, the Plaintiff filed a motion to alter the Order dismissing the action pursuant to Federal Rule of Civil Procedure 59(e).  (Doc. 5.)  The motion was granted by the Court on February 6, 2008, and the case was reinstated.  (Doc. 16.)  Defendant filed the present motion to dismiss on February 26, 2008.  (Doc. 17.)

The motion is fully briefed and ripe for discussion.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all the facts alleged in the

2

complaint, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1960, 167 L.Ed.2d 929 (2007), meaning, enough factual allegations "to raise a reasonable expectation that discovery will reveal evidence of" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), *cert. denied*, 510 U.S. 1042 (1994). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch.*

*Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

Plaintiff Galuska's Complaint alleges that the collection letter sent by Defendant CTI did not accurately provide the information required by the Fair Debt Collection Practices Act ("FDCPA"). Section 1692g of the FDCPA lays out the requirements as to the notice of debt and its contents. Section 1692g(a) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
> (1)  the amount of the debt;
> (2)  the name of the creditor to whom the debt is owed;
> (3)  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4)  a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

4

>       (5)     a statement that, upon the consumer's written request
>               within the thirty-day period, the debt collector will
>               provide the consumer with the name and address of
>               the original creditor, if different from the current
>               creditor.

15 U.S.C. § 1692g(a).  Plaintiff argues that the notice is misleading pursuant to part (3) of this statute, which states there must be "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector.*"  15 U.S.C. § 1692g(a)(3) (emphasis added).  In Defendant's letter, the statement regarding the validity of the debt does not include the phrase "by the debt collector."

The Third Circuit Court of Appeals has considered the purpose of the Fair Debt Collection Act in considering potentially deceptive collection notices.  The court noted that "the required notice must . . . be conveyed effectively to the debtor."  *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991)).  The collection notice is interpreted from the point of view of the "least sophisticated debtor."  *Id.*  In its consideration, a court may question "if it would make the least sophisticated consumer uncertain as to her rights."  *Id.* (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34-35 (2d Cir. 1996)).  A collection notice is deceptive if it can be reasonably read to have two or more different meanings, one of which is inaccurate.  *Id.* (quoting *Russell*, 74 F.3d at 34-35).  The Third Circuit Court of Appeals noted that this standard is lower than the standard of a reasonable debtor.  *Id.*  However, this standard "'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of

5

reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Id.* (quoting *United States v. Nat'l Fin. Serv., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)).  "Whether a communication is misleading under the FDCPA presents a question of law for the court; disputed facts must be resolved by a jury." *Martsolf v. JBC Legal Group, P.C.*, Civ. A. No. 1:04-CV-1346, 2008 WL 275791, at *3 (M.D. Pa. Jan. 30, 2008) (Connor, J.) (citing *Wilson v. Quadromed*, 225 F.3d 350, 353 n.2 (3d Cir. 2000)).

Plaintiff cites *Smith v. Hecker*, Civ. A. No. 04-5820, 2005 WL 894812 (E.D. Pa. 2005), a case in which Judge O'Neill of the Eastern District of Pennsylvania denied a motion to dismiss on similar grounds.  In *Smith*, the defendant's letter stated: "UNLESS YOU, THE CONSUMER, WITHIN THIRTY DAYS AFTER RECEIPT OF THIS NOTICE, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE *ASSESSED* VALID." *Id.* at *1 (emphasis addd).  The *Smith* court denied the motion to dismiss on two grounds.  First, the court noted that the defendant's letter stated that the debt would be "assessed" valid, instead of "assumed" valid. *Id.* at *4-5. Secondly, the court noted that the validation did not state that the debt would be assumed valid "by the debt collector." *Id.* at *5-6.  In this case, the alleged deception is the omission of the term "by the debt collector."  No other improper terminology has been alleged.

     **I.**     **"By the Debt Collector"**

In the *Smith* case, Judge O'Neill addressed the defendant's omission of the phrase "by the debt collector."  The court held that "[w]hen reviewing a debt collection notice, I must review the document as a whole in order to evaluate whether the notice

6

would inform sufficiently a least sophisticated debtor of his debt validation rights." *Smith*, 2005 WL 894812, at *6. The court noted that initially, the letter did not meet the requirements of Section 1692g because of the failure to use the term "by the debt collector." *Id*. The court further considered that there was no language in the letter that identified the person who would be assuming the debt to be valid. *Id.* Judge O'Neill stated that the use of the words "us", "we", and "our" in other parts of the debt validation notice did not connect with the term "assumed" (or in the *Smith* case, "assessed"). *Id.* Therefore, the court held, applying the "least sophisticated debtor" standard, that the "least sophisticated debtor" may be led to believe that the debt could be valid to another entity, such as a court, credit reporting agency or other authoritative entity. *Id.*

    **II.**    **"Assessed Valid" versus "Assumed Valid"**

The *Smith* case also involved the use of the terms "will be assessed valid" in place of "will be assumed valid." The *Smith* court found that this language was potentially misleading. *Id.* at *4. The court noted that the defendant's letter including such language could have two or more meanings, including an inaccurate meaning. *Id.* The court held that the least sophisticated debtor would be unlikely to interpret the sentence to mean that the debt would be assumed valid for debt collection purposes. *Id.* at *5. The court noted that the use of the word "assessed" was deceptive and did not convey an effective validation notice. *Id.*

In finding that the debt collection notice was deceptive, the court found that "the final sentence of the debt collection letter reinforces the inaccurate interpretation that the debt will be determined to be valid by a credit reporting agency. When read in the

context of the entire letter, the phrase 'will be assessed valid' and the subsequent omission of any reference to the entity that will be 'assessing' the debt is likely to confuse or mislead the least sophisticated debtor into believing that her debt would be determined to be valid by an entity of authority." *Id.* at *6.

### III.     The Collection Notice in the Present Case

Defendant argues that the crux of the *Smith* case is based upon the improper term "assessed."  Defendant further argues that the failure to include the term "by the debt collector" without any other modification does not render the notice ambiguous.  Judge O'Neill's opinion analyzed the two (2) deficiencies of the collection notice separately.  One section of the opinion was dedicated to an explanation as to why the omission of the phrase "by the debt collector" or its equivalent would render a collection letter ineffective.  *Smith*, 2005 WL 894812, at *5.  Specifically, the court held that "I observe that Hecker's letter does not meet the requirements of Section 1692g(a)(3) [which] requires a debt collector to provide the debtor with 'a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector*.'" *Id.* at *6 (citing 15 U.S.C. § 1692g(a)(3)) (emphasis in the original).  The court further noted that "Hecker's validation notice does not inform Smith that her debt will be assumed, or in this case 'assessed,' to be valid by the debt collector. In fact, the notice does not inform Smith that her debt will be assumed, or 'assessed,' to be valid by any individual or entity." *Id.*  The same problem arises in this case.  The notice does not inform Plaintiff Galuska as to who will be assuming the debt to be valid.  The *Smith* court gives no indication that the notice was

ineffective solely based upon the combination of problems arising in the notice. Rather, the court analyzes the collection letter as if there are two separate deficiencies, either of which would be legally sufficient to allege a claim pursuant to the FDCPA.

As noted in *Smith*, the collection notice must be read as a whole when determining whether it is deceptive to the least sophisticated debtor. *Smith*, 2005 WL 894812, at *15-16. In this case, the notice includes language that states: "Unless you notify *this office* within thirty (30) days after the receipt of this notice that you dispute the validity of the debt, or any portion thereof, *this debt will be assumed to be valid.*" (Doc. 1, Ex. A) (emphasis added). The Defendant argues that in considering the document as a whole, it would be obvious to the least sophisticated debtor that the debt would be assumed valid by Defendant CTI. Defendant further argues that because the sentence includes the term "this office," that the least sophisticated debtor would know that "this office" was the entity assuming the debt to be valid. Similarly, Defendant notes that the rest of the notice references Defendant CTI. For example, the letter states that "If you notify *this office* within the thirty-day period that the debt, or any portion thereof, is disputed, *this office* will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you. . . . *we* will also provide you with the name and address of the original creditor. . . . " (Doc. 1, Ex. A) (emphasis added).

Plaintiff responds that the reference to "this office" in other portions of the letter are required as per Section 1692g(a)(4) and (5). 15 U.S.C. § 1692g(a)(4) and (5) ("(4) [A] statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain

verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and "(5) [A] statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.").  Therefore, Plaintiff argues that it is necessary for the debt collector to specify that they will be the one to obtain verification of the debts or provide the consumer with the name and address of the original creditor.  In light of the FDCPA creating these separate requirements, Defendant's argument would render the language of the statute superfluous.  But, in reading a statute, we assume all language has a purpose.  Thus, the language of the "debt collector" in each section must have a purpose.

The fact that the collection notice in this case uses the term "this office" in numerous other places does not necessarily lead the "least sophisticated debtor" to believe that CTI is the entity assuming the debt to be valid.  In fact, the notice could be read as confusing or misleading because of the fact that "we" and "this office" was used so frequently in other contexts within the notice, but not mentioned in the context of the sentence regarding the assumption of the debt.  The least sophisticated debtor could believe that the lack of the term "we" or "this office" would mean that the debt would be assumed by a different entity.  It is possible that the least sophisticated debtor may believe that the office is the entity to be notified, but not the entity that would assume the debt to be valid.  The court in *Smith* encountered a similar problem:

> There is no language in the entire letter that identifies the
> person or entity that will assume, or "assess," the debt to be
> valid. Hecker's use of the words "us," "we," and "our" in other

10

> parts of the debt validation notice does not connect with the verb "assessed." As a result, the least sophisticated debtor may be led to believe that unless she disputes the validity of the debt asserted by the debt collector, her debt will be determined to be valid by a court, credit reporting agency, or other entity of authority.

*Smith*, 2005 WL 894812, at *6.  Like in *Smith*, the fact that "this office" or "we" has appeared in other parts of the collection letter does not necessarily translate to CTI being the entity that will assume the debt to be valid.

Defendant cites *Kaschak v. Raritan Valley Collection Agency*, Civ. A. No. 88-3763, 1989 WL 255498 (D.N.J. May 23, 1989) for the proposition that the absence of the phrase "by the debt collector" does not, in and of itself, render a letter deceptive pursuant to the FDCPA.  In *Kaschak*, the collection notice, in pertinent part, stated that "Verification of this debt will be provided if requested in writing within 30 days.  If we do not hear from you within this time, your debt will be assumed to be valid."  *Id.* at *8.  The court found that this phrasing did "not fully comply with the requirements of subsection (a)(3)" of the FDCPA.  *Id.*  Specifically, the court noted that the phrasing implied that the debt would be assumed valid unless the debtor requested validation.  *Id.*  The court also noted that it failed to clearly state that the debtor could dispute the validity of the debt.  *Id.*  The court made no mention of the fact that the phrase "by the debt collector" was absent from the notice.

Defendant argues that the *Kaschack* court's failure to consider or discuss the absence of the term "by the debt collector" necessarily means that the *Smith* court's decision was based upon the unique facts of that collection notice, and particularly the use of the word "assessed."  Plaintiff, in contrast, argues that the failure of *Kaschak* to

11

refer to the absence of "by the debt collector" is not dispositive, but that the court instead focused on the letter's defectiveness for other reasons. The Court agrees with the Plaintiff. The fact that the *Kaschak* court failed to address "by the debt collector" in finding the notice defective is not dispositive as to whether a notice is defective pursuant to the FDCPA. The failure to include the term "by the debt collector" may be deceptive to the least sophisticated debtor when considering the whole document. As discussed in *Smith*, the failure to include "by the debt collector" or its equivalent is sufficient to allege a claim for which relief may be granted.

## CONCLUSION

The allegation of the absence of the term "by the debt collector," or its equivalent, is a sufficient allegation to survive the standard for a motion to dismiss. Because Plaintiff has successfully alleged a potential violation of the FDCPA, Defendant's motion to dismiss (Doc. 17) will be denied.

An appropriate Order will follow.

| | |
|---|---|
| May 13, 2008 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN GALUSKA, | |
| Plaintiff, | NO. 3:07-CV-2044 |
| v. | (JUDGE CAPUTO) |
| COLLECTORS TRAINING INSTITUTE OF ILLINOIS, INC., | |
| Defendant. | |

## **ORDER**

**NOW**, this __13th__ day of May, 2008, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss (Doc. 17) is **DENIED**.

                                                            /s/ A. Richard Caputo
                                                            A. Richard Caputo
                                                            United States District Judge